■ RUTH H. KRUGER, Doing Business as FURMAN NURSING HOME, Petitioner, v. HOLLIS S. INGRAHAM, as Commissioner of Health of the State of New York, et al., Respondents.—Proceeding pursuant to article 78 of the CPLR to review a determination of the respondent State Commissioner of Social Services, dated December 18, 1972, which, with respect to petitioner's nursing home at 395 Webster Avenue, City of New Rochelle, and after a hearing, refused to grant petitioner "a waiver of the relevant provisions of the Life Safety Code of the National Fire Protection Association (21st Ed., 1967)" and to certify petitioner "as a provider of skilled nursing home care" under the State "Medicaid" program established under title XIX of the Federal Social Security Act (U. S. Code, tit. 42, § 1396a *et seq.*). Determination annulled, on the law, without costs, and the respondent State Commissioner of Social Services is directed to issue a waiver to and a certification of petitioner as a provider of skilled nursing home care. Petitioner is the proprietor of one of the "Maxwell" nursing homes (*Maxwell* v. *Wyman*, 458 F. 2d 1146) which were originally decertified by the State Department of Social Services at the end of 1971 for failure to comply with the requirements of the Life Safety Code of the National Fire Protection Association as required

by title XIX of the Social Security Act (U. S. Code, tit. 42, § 1396a, subd. [a], par. [28], cl. [F], subcl. [i]; Code of Fed. Reg., tit. 45, § 249.33, subd. [a], par. [1], cl. [vii]). (See *Matter of Maxwell* v. *Lavine,* 41 A D 2d 346.) By Federal court action, however, these decertifications were stayed pending hearings concerning whether a waiver of the applicable sections of the Life Safety Code should be granted (*Maxwell* v. *Wyman, supra*). Section 10–1322 of the Life Safety Code requires that nursing homes two stories or more in height shall be constructed of at least two-hour fire-resistive construction. Although this provision is not expressly contained in the division of the code applying to " existing " nursing homes, in context it is incorporated into the existing home division by secton 10–2111. Thus, under the code, petitioner cannot be certified as a Medicaid provider unless she meets the requirement of section 10–1322 or compliance therewith is waived. At petitioner's " Maxwell " hearing, the respondent State Commissioner of Health established that petitioner's 27-patient two-story facility is wood frame, except for a fire-resistant addition that houses six of the 27 patients. Under the circumstances, there was substantial evidence that the facility does not comply with section 10–1322. However, waiver is allowed where unreasonable hardship is shown and the waiver will not adversely affect the health and safety of the patients (U. S. Code, tit. 42, § 1396a, subd. [a], par. [28], cl. [F], subcl. [i]). At the hearing, petitioner adduced considerable evidence that she has provided safety equivalent to two-hour fire-resistive construction and that a waiver would not adversely affect the health and safety of the patients. The facility contains a fully automatic complete sprinkler system, with a coded alarm to the New Rochelle Fire Department which would advise the latter that an institution is the subject of the alarm and further advise it of the address of the institution. The alarm would be heard within the nursing home and for a number of blocks from it. The New Rochelle Fire Department is all-professional. Its response time to the facility is under three minutes. The facility has an interior stairway and two exterior stairways. It has a fire protection and evacuation plan drawn up by a recognized consultant. There are no outstanding Fire Department violations. Petitioner also adduced evidence of various other fire protective measures. Her expert deemed the premises safe. In February, 1959 the State Department of Social Welfare wrote petitioner: " It is gratifying to us that as a nursing home administrator you have consistently tried to improve the standards of care. You have made many and constant sacrifices to operate a good and safe facility. This is evident by the installation of a standard type sprinkler system throughout the home. This protection and the enclosure of the stairways complement each other and provide additional protection in the event of fire." Under all the circumstances, it is our opinion that the determination under review was not supported by substantial evidence and should be annulled and that a waiver and certification should issue (see *McKinney* v. *Lavine,* 42 A D 2d 572; *Matter of Maxwell* v. *Lavine,* 41 A D 2d 346; *Matter of Henderson* v. *Lavine,* 42 A D 2d 676). Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.